Merrimack, }
June, 1895. }

## NEBONNE v. CONCORD RAILROAD.

In an action for personal injuries, the exhibition to the jury of some of the plaintiff's toes which had been amputated in consequence of the accident may be competent evidence.

A physician may properly be allowed to testify that the plaintiff's damage, resulting from the loss of some of his toes on one foot, would be enhanced by the fact that the injured leg was shorter than the other.

CASE, for personal injuries. Verdict for the plaintiff. The plaintiff was run over by one of the defendants' cars, and in consequence of the accident it became necessary to amputate some of the toes on his left foot. The amputated parts, preserved in spirits in a glass jar, were exhibited to the jury, and the defendants excepted. The plaintiff also exhibited his naked foot to the jury.

The plaintiff's left leg had been from his birth a little shorter than the other. His attending physician was allowed to testify, subject to exception, that the damage resulting from the removal of the toes from the left foot would be greater than it would be if the leg had been a perfect one, on account of increased inconvenience and irritation experienced in walking.

*Albin & Martin* and *Frank N. Parsons*, for the plaintiff.

*Frank S. Streeter*, for the defendants.

*Per Curiam.** The exhibition of the amputated toes to the jury may have been competent evidence of the nature of the accident and the extent of the plaintiff's injuries. The case does not show that the evidence was incompetent. If the offer to exhibit the toes was not made for the purpose of proving some disputed fact material to the issue, the exhibition should not have been allowed. *Louisville & N. R. R.* v. *Pearson*, 97 Ala. 211.

The physician was properly allowed to testify that the plaintiff's injury was enhanced by reason of a natural defect in his leg and to state the reasons for that opinion. The fact that that was one of the points in issue did not render the evidence incompetent. *Gault* v. *Concord Railroad*, 63 N. H. 356. The subject of inquiry was one upon which a physician, from his peculiar study and practice, is presumed to have more accurate knowl-

---

* See foot-note on page 22.

edge than men in general.    *Page* v. *Parker*, 40 N. H. 47; *Jones* v. *Tucker*, 41 N. H. 546.

*Exceptions overruled.*

CHASE, WALLACE, and PARSONS, JJ., did not sit: the others concurred.

CLARK, J., did not sit: the others concurred.

---

[*] See foot-note on page 22.